UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20456-MARTINEZ

UNITED STATES OF AMERICA

v.

PEDRO JOSE COLLAZO-PRIETO,

      **Defendant.**

_____/

**FACTUAL PROFFER**

      The United States of America and the defendant, PEDRO JOSE COLLAZO-PRIETO (hereinafter referred to as the "defendant") agree that, had this case proceeded to trial, the United States would have proven, beyond a reasonable doubt, the following facts which are sufficient to prove the guilt of the defendant on Count 1 as charged in the Indictment:

      1.      On or about October 4, 2023, the defendant, who was incarcerated at the Federal Correction Institution Miami ("FCI Miami") on unrelated charges, was randomly selected by corrections officers for a routine urinalysis. The defendant failed his urinalysis by providing a sample that was cold and dark which, therefore, did not comply with the urinalysis requirements.

      2.      In addition to the failed urinalysis test, during a routine pat down search conducted around the same time of the urinalysis, the corrections officers found stamps on the defendant. Stamps are used as a form of currency in the prison.

      3.      In light of the failed urinalysis and the discovery of stamps on the defendant, a captain at FCI Miami ordered a visual search of the defendant. During the visual search, corrections officers discovered 21 plastic baggies containing a white powdery substance, one

unsealed plastic bag containing a white powdery substance, 50 plastic baggies containing a green leafy substance, a lighter, and a vaping device, all of which are considered contraband in the prison.

4. The unsealed plastic bag containing the white powdery substance was field-tested and the substance tested positive for cocaine. The green leafy substance was field-tested and the substance tested positive for marijuana.

5. Subsequent laboratory testing confirmed that the substances found on the defendant were in fact marijuana and cocaine. The marijuana had a net weight of 17.34 grams. The actual amount of cocaine was approximately 57 grams. The defendant agrees that he had at least 50 grams of cocaine.

6. The defendant agrees that the quantity of the substances and the way in which they were packaged is inconsistent with personal use and is consistent with an intent to distribute the substances within FCI Miami.

[SPACE INTENTIONALL LEFT BLANK]

7.  The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties agree it is sufficient to prove beyond a reasonable doubt that a violation of Title 21, United States Code, Section 841(a)(1) occurred.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DATE: 3/21/24   BY: *E. Noonaup*
ELIZABETH NOONAN-POMADA
SPECIAL ASSISTANT UNITED STATES ATTORNEY

DATE: 3/21/24   BY: *[signature]*
MARISA TANEY
ASSISTANT FEDERAL PUBLIC DEFENDER

DATE: 3/21/24   BY: *Pedro Collazo Prieto*
PEDRO JOSE COLLAZO-PRIETO
DEFENDANT